1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**EASTERN DIVISION**

11    AISHA WILTZ,                 )
                                         )

12                **Plaintiff,**     )     **Case  No. EDCV 11-505 AJW**
                                         )

13             **v.**                     )
                                         )     **MEMORANDUM OF DECISION**

14    **MICHAEL J. ASTRUE,**        )
     **Commissioner of the Social**      )

15    **Security Administration,**       )
                                         )

16                **Defendant.**     )
    _____ )

17
18        Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the

19    Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance

20    benefits and supplemental security income ("SSI") benefits.  The parties have filed a Joint Stipulation ("JS")

21    setting forth their contentions with respect to each disputed issue.

22                                   **Administrative Proceedings**

23        Plaintiff filed her applications for benefits in June 2008. She alleges that she has been disabled since

24    April 15, 2008. [JS 2]. In a January 8, 2010 written hearing decision that constitutes the Commissioner's

25    final decision in this case, an administrative law judge (the "ALJ") found that plaintiff, aged 43, had severe

26    impairments consisting of degenerative disc disease and depression. [JS 2; Administrative Record ("AR")

27    11, 14]. The ALJ further found that plaintiff retained the residual functional capacity ("RFC") to perform

28    a restricted range of sedentary work, and that her RFC did not preclude her from performing alternative jobs

1    identified by the vocational expert that exist in significant numbers in the national economy. [AR 14-15].

2    Accordingly, the ALJ concluded that plaintiff was not disabled through the date of his decision.

3                                            **Standard of Review**

4

5            The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial

6    evidence or is based on legal error. Stout v. Comm'r Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir.

7    2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than

8    a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir.

9    2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

10   Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is

11   required to review the record as a whole and to consider evidence detracting from the decision as well as

12   evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco

13   v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational

14   interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas,

15   278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

16                                              **Discussion**

17

18   **Credibility finding**

19           Plaintiff contends that the ALJ erred in implicitly rejecting without comment plaintiff's subjective

20   hand symptoms and limitations. Plaintiff also argues that the ALJ erred in rejecting the alleged severity of

21   plaintiff's subjective allegations regarding limitations in walking, standing, and sitting. [JS 3-14].

22           In her written disability reports, plaintiff complained of "loss of strength in both [of her] hands" and

23   "numbness in [her] fingers and hands" [JS 3; AR 133, 162]. In a June 2008 function report, she wrote that

24   she had not "been driving lately" due in part to pain in her hands. [JS 3; AR 183]. She noted that she had

25   difficulty using her hands due to pain and said that she did not do as much writing "due to hand cramps,

26   drop pen." [AR 184-185].

27           Plaintiff was not represented by counsel during the administrative hearing. The vocational expert

28

testified that a hypothetical person with the limitations described by the ALJ could work as an "assembler of buttons and notions," Dictionary of Occupational Titles (DOT) 734.687-018. [AR 50]. Plaintiff interjected,

> That's too little. My hands are, couldn't, wouldn't do that, because I got the, I was in the store the other day, my whole hand just sank, and I fell to my knees, and the man behind the meat counter said, "Are you okay?" I said, "I can't move my hand," because it just spaz [sic] up, the muscle spasms, and my hands just lock.

[AR 50].   In response to a question by the ALJ, the vocational expert testified that if the hypothetical person's hands frequently locked up so she could not handle buttons or notions, she would not be able to perform that assembler job. [AR 51-52].

The ALJ found that plaintiff's impairments did not preclude her from performing a restricted range of sedentary work. [AR 12-14, 48-50]. The ALJ did not discuss plaintiff's subjective complaints of hand symptoms or limitations, and he did not assess any limitations in use of her hands.

Once a disability claimant produces objective evidence of an underlying physical or mental impairment that is reasonably likely to be the source of his or her subjective symptoms, the adjudicator is required to consider all subjective testimony as to the severity of the symptoms. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also 20 C.F.R. €€404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Although the ALJ may then disregard the subjective testimony he considers not credible, he must provide specific, convincing reasons for doing so. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001); see also Moisa, 367 F.3d at 885 (stating that in the absence of evidence of malingering, an ALJ may not dismiss the subjective testimony of claimant without providing "clear and convincing reasons"). The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885; see Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (enumerating factors that bear on the credibility of subjective complaints); Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989)

(same). If the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).        Plaintiff argues that the ALJ erred in failing to address and give reasons for implicitly rejecting plaintiff's subjective complaints about her hands, and that the ALJ should have developed the record further regarding her hand problems.

Those arguments lack merit. A claimant "will not be considered disabled based solely on subjective complaints of pain. The claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Bunnell, 947 F.2d at 344 (internal quotation marks and ellipsis omitted). Plaintiff has not pointed to *objective* evidence of any impairment that reasonably could be expected to produce her hand symptoms, nor did the ALJ find that plaintiff had any medically determinable impairment that reasonably could be the source of those symptoms. Therefore, the ALJ was not obliged to articulate legally sufficient reasons for rejecting the alleged severity of plaintiff's hand symptoms. See Bunnell, 947 F.2d at 345-346.

"An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-460 (9th Cir. 2001).  Because plaintiff failed to produce objective evidence of a medical impairment that reasonably could be expected to produce her alleged hand symptoms, the ALJ's duty to develop the record further was not triggered. See Mayes, 276 F.3d at 459-460 (holding that where the claimant "did not provide the ALJ with any medical evidence indicating that she had herniated discs until after" the hearing, "[t]he ALJ had no duty to develop the record by diagnosing [her] herniated discs").

The ALJ partially credited plaintiff's subjective complaints of allegedly disabling spine, hip, and leg problems, as evidenced by his relatively restricted RFC finding and his rejection of the less restrictive functional assessments given by the examining and non-examining physicians.  The ALJ provided specific and convincing reasons for his partial rejection of plaintiff's "excess" symptom complaints. [See AR 23-34]. The ALJ noted that the record contains a doctor's note dated March 13, 2007 restricting plaintiff to "light duty" for 90 days, which the doctor defined as no bending, lifting 15 pounds maximum, standing 30 minutes

at a time for a maximum of two hours per day, and walking 30 minutes at a time for a maximum of three hours per day. [AR 14, 189]. Below these restrictions the following entry appears: "P[atient] requested restriction on sitting: 45 min max 4 hours per day sitting restriction for light duty." [AR 14, 190].

During the November 2009 hearing, the ALJ asked plaintiff if she told her doctor what her restrictions were for purposes of obtaining the March 2007 doctor's note. Plaintiff said that she did not. [AR 33]. The ALJ permissibly based his negative credibility finding in part on the inconsistency between that testimony and the doctor's notation that plaintiff "requested" that sitting restrictions be added to the restrictions imposed by the doctor. [AR 14]. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010) ("In reaching a credibility determination, an ALJ may weigh consistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.") (citation omitted); Light, 119 F.3d at 792 (same). In any event, the treating doctor's note restricting plaintiff to light duty provided little or no support for plaintiff's subjective allegations of disability because it was issued about a year before plaintiff's alleged onset date, while plaintiff was still employed as a car salesperson, and imposed only temporary restrictions.

The ALJ also rejected plaintiff's testimony that she had used a cane "regularly, every day" since about April 2008 [AR 40-41] because that testimony was inconsistent with the consultative examination reports. In August 2008, plaintiff underwent an internal medical examination with Nicholas N. Lin, M.D., and a psychiatric evaluation with Reynaldo Abejuela, M.D. [AR 229-241]. To Dr. Lin, plaintiff "denie[d] using an assistive device." [AR 233]. Dr. Lin opined that plaintiff could perform light work. [AR 229-233]. In his psychiatric examination report, Dr. Abejuela noted his "general observations" of plaintiff's appearance and presentation, and he also took a history of plaintiff's current physical and mental illness, but nothing in his report indicates that plaintiff was using, or reported using, an assistive device. Dr. Abejuela opined that plaintiff's overall mental limitations were "none to mild." [AR 235-241]. The ALJ reasonably concluded that the inconsistency between plaintiff's testimony that she had used a cane "constantly" for the past eighteen months and these examination reports undermined the credibility of plaintiff's subjective allegations that she needed a cane on a daily basis. See Light, 119 F.3d at 792.

The ALJ did not err in evaluating the alleged severity of plaintiff's subjective complaints, nor did he breach his duty to develop the record.

**Step five finding**

Plaintiff contends that if her excess pain testimony is credited as true, she cannot perform the job of assembler of buttons and notions, one of the two jobs identified by the ALJ at step five of the sequential evaluation procedure based on the vocational expert's testimony. Plaintiff also argues that her assessed limitation to simple, repetitive tasks precludes her from performing the other job identified by the vocational expert and the ALJ at step five, that of a charge account clerk.

As explained above, the ALJ made a properly supported credibility finding. Therefore, plaintiff's contention that her excess symptom complaints must be credited as true fails. Her RFC as found by the ALJ does not preclude her from performing the DOT job of assembler of buttons and notions.

Even if plaintiff's limitation to simple, repetitive tasks precludes her from meeting the mental functional demands of the job of charge account clerk, as plaintiff contends, the vocational expert testified that there are 15,000 of the assembly positions she identified in the national economy. [AR 51]. Plaintiff's ability to perform the assembler job identified by the vocational expert is sufficient to support the ALJ's finding at step five. See Barker v. Sec'y of Health & Human Servs., 882 F.2d 1474, 1478-1479 (9th Cir. 1989) (holding that several hundred jobs is "significant" for purposes of an alternative work finding at step five).

**Lay witness testimony**

Plaintiff contends that the ALJ erred in rejecting a June 2008 third party function report completed by plaintiff's nephew, DeSlaun Houston. [AR 139-146]. Plaintiff argues that the ALJ erred in disregarding Mr. Houston's statements that plaintiff had pain in her arms and hands, could do "no lifting at all," spent most of the day in bed due to pain, and had limited use of her hands. [AR 140, 142, 144].

The ALJ must take into account lay witness testimony about a claimant's symptoms but can reject that testimony by providing "reasons that are germane to each witness." Greger v. Barnhart, 464 F.3d 968,

972 (9th Cir. 2006) (quoting Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.1993)).  The ALJ did not articulate reasons for rejecting Mr. Houston's statements. Although that omission is legal error, the error was harmless. See McLeod v. Astrue, 640 F.3d 881, 886-888 (9th Cir. 2011) (holding that under the harmless error standard applicable to social security disability appeals, the record must show "a substantial likelihood of prejudice" to the party claiming error in order to warrant reversal and remand).

Mr. Houston's description of plaintiff's symptoms was cumulative of plaintiff's own subjective testimony, which the ALJ permissibly discounted. Furthermore, Mr. Houston said that he saw plaintiff only for "short visits 1-2 a month" [AR 139], giving him limited personal knowledge and insight into her condition and how her symptoms and limitations affected her on a sustained, daily basis. Mr. Houston's report also contains internal inconsistencies, in that he reported that plaintiff spent most of every day in bed, but he also said that she prepared meals daily, did laundry, and went shopping. [AR 141-142].

Based on the record as a whole, this Court can "confidently conclude that no reasonable ALJ, when fully crediting [the lay] testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056. Accordingly, plaintiff has not shown a substantial likelihood of prejudice from the ALJ's failure to discuss Mr. Houston's lay testimony, and the ALJ's error was harmless.

### Conclusion

The ALJ's decision is supported by substantial evidence in the record as a whole and is free of legal error. Accordingly, the Commissioner's decision is **affirmed**.

**IT IS SO ORDERED.**

March 12, 2012

_____
ANDREW J. WISTRICH
United States Magistrate Judge